UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID W. DEWALD,

Plaintiff,

Civil Action No. 14-CV-13680

vs.

HON. BERNARD A. FRIEDMAN

CHRISTIANA TRUST,

Defendant.
_____________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

This matter is presently before the Court on plaintiff's "emergency ex-parte motion for a temporary restraining order," which he filed in state court before the case was removed. Defendant has not responded, and it is not required to do so as the motion was filed ex parte. Pursuant to E.D. Mich. LR 7.1(f)(2) and 65.1, the Court shall decide this motion without a hearing.

This is a "wrongful foreclosure" action. Plaintiff alleges that he defaulted on his mortgage loan in 2009, that the prior note holder commenced foreclosure proceedings in 2010, and that plaintiff has "on numerous occasions with various entities to which whom [sic] claimed to be the holder of the note attempted to procure a loan modification" without success. Comp. ¶¶ 8-15. Plaintiff further alleges that defendant was assigned the mortgage in November 2013 and recommenced foreclosure proceedings in January 2014. *Id.* at ¶¶ 16-17. Defendant purchased the mortgaged property at the sheriff's sale in February 2014, after offering plaintiff a "trial loan modification" that required higher monthly payments than were required under the original terms ($8,578.00 as compared to $5,800.56 monthly). The complaint asserts two claims. Count I claims that defendant violated Mich. Comp. Laws § 600.3205 by "fail[ing] to hold any loan mediation" and

by failing "to provide [plaintiff] with the outcome of its calculations." *Id.* ¶¶ 25-26.  Count II claims defendant "breached its duty of good faith in dealing by offering a 'trial modification' that was . . . unreasonable."  *Id.* ¶ 32.  For relief, plaintiff asks that the Court declare the foreclosure and sheriff's sale void and award fees and costs.  In his motion for a TRO, plaintiff asks that the Court stop eviction proceedings while this case is pending.

As this Court recently noted,

> Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L. C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Sandison v. Michigan High School Athletic Assoc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). The four factors that must be balanced and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542; *In re Eagle–Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).
>
> "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey–Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). Preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001).

*Global Generation Group, LLC v. Mazzola*, 2014 WL 1772417, at **2-3 (E.D. Mich. May 2, 2014).

In the present case, plaintiff has shown neither a likelihood of success on the merits

nor a threat of immediate, irreparable injury. Under Michigan law, a plaintiff challenging foreclosure "must act promptly after he becomes aware of the facts upon which he bases his complaint." *Kuschinski v. Equitable & Central Trust Co.*, 277 Mich. 23, 26, 268 N.W. 797 (1936). *See also Day Living Trust v. Kelley*, 2013 WL 2459874, at *9 (Mich. App. June 6, 2013) ("Our Supreme Court has repeatedly held that a mortgagor must challenge the validity of a foreclosure by advertisement promptly and without delay."). In the present case, plaintiff sat on his rights for months and did not commence the instant action until the last day of the six-month redemption period. This is the very antithesis of prompt action. Voiding a foreclosure is an equitable remedy and it is unavailable to a party, such as plaintiff, who delays unduly in seeking relief. *See, e.g., Kim*, 493 Mich. at 121, 825 N.W.2d 329 (Markman, J., concurring); *Kuschinski; Lewis v. Citimortgage, Inc.*, 2013 WL 5566703, at *3 (E.D. Mich. Oct. 9, 2013).

Moreover, even assuming, as plaintiff alleges, that defendant failed to comply with the statutory requirements of the loan modification process, plaintiff's exclusive remedy under the statute was to "file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8). Plaintiff forfeited this remedy by waiting to file suit until after the sheriff's sale had taken place and after the redemption period had nearly expired. It is not longer possible to "covert the foreclosure proceeding to a judicial foreclosure," as the foreclosure by advertisement proceeding is complete and title has vested in the holder of the sheriff's deed. *See Steinberg v. Fed. Home Loan Mortgage Corp.*, 901 F. Supp. 2d 945, 952-53 (E.D. Mich. 2012); *Adams v. Wells Fargo Bank*, 2011 WL 3500990, *4 (E.D. Mich. Aug. 10, 2011).

For these reasons, the Court concludes that plaintiff has not shown a likelihood of success on the merits. To the contrary, his chances of success appear to be very slim indeed. In addition, plaintiff has not shown that the irreparable harm he fears (eviction) is imminent. As this Court noted recently in a similar case:

> In this case, Farrell has not met his burden of demonstrating that he is entitled to a temporary restraining order. First, although Farrell asserts in his motion that he and his family will suffer immediate and irreparable harm if they are evicted from their home (Doc. # 5 at 12), Farrell has not asserted that any such eviction is imminent (or even scheduled). Indeed, in his motion, Farrell indicates that he filed his motion for temporary restraining order to "stop all actions of defendants against him including attempted re-issuance of an order of eviction from 52–3 District Court in Rochester Hills" (*id*. at 1), which suggests that no order of eviction has yet been issued by that court and, as a result, that no eviction is imminent. Farrell did not include in either his verified complaint, or in the affidavit attached to his motion, specific facts demonstrating that he will suffer immediate and irreparable harm before the defendants can be heard in opposition to this motion, as required by Fed.R.Civ.P. 65(b)(1) (A). Moreover, while eviction has sometimes been construed as "irreparable harm" for purposes of a preliminary injunction, *see Sayo, Inc. v. Zions First Nat'l Bank*, 2006 WL 3240706, at *2 (E.D.Mich. Nov.7, 2006) (holding that plaintiff would suffer irreparable harm if evicted from his home, which was his last remaining asset), Farrell has not provided evidence, such as an eviction notice or other court order, from which the Court can conclude that eviction is actually imminent. Accordingly, "the court cannot conclude that danger is so immediate to necessitate a [temporary restraining order] without an opportunity for the Defendants to be heard." *Jackson v. U.S. Bank Loan Servicing*, 2009 WL 2447485, at *3 (E.D.Mich. Aug.6, 2009) (finding that the court could not conclude danger was immediate where plaintiff failed to provide an eviction notice).

*Farrell v. U.S. Bank Nat'l Ass'n*, 2014 WL 2480055, at *2 (E.D. Mich. June 3, 2014) (footnotes omitted). Plaintiff similarly fails to show that his eviction is imminent or that eviction constitutes irreparable injury. Accordingly,

IT IS ORDERED that plaintiff's motion for a temporary restraining order is denied.

S/ Bernard A. Friedman___________
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 29, 2014
Detroit, Michigan